Dear Mr. Turner:
You ask substantially the following question:
 May the taxation of "limited" common elements be prorated among all condominium owners pursuant to section 718.120, Florida Statutes?
In sum:
 Assessment for taxation of limited common elements should be prorated to the individual units receiving the benefit of the limited common elements.
You have set forth two situations in which "limited" common elements are provided in a condominium. The limited common elements are garages, but in both situations there are fewer garages than condominium units. In the first, garages are not designated as units or common elements in the declaration of condominium, with some garages assigned to specific condominium units and others controlled by the condominium association. In the second scenario, garages are designated as limited common elements in the declaration of condominium, along with the language "Any Garage Space assigned by the Developer shall be deemed to constitute a limited common element appurtenant to the Unit to which the Garage Space is assigned." While there are apparent factual distinctions in how the garages are allocated to the individual condominium units, the basic question would appear to be whether such "limited" common elements are to be taxed on a prorated basis among all condominium units under section 718.120, Florida Statutes.
Section 718.120, Florida Statutes, provides for the separate taxation of condominium parcels as follows:
 "(1) Ad valorem taxes, benefit taxes, and special assessments by taxing authorities shall be assessed against the condominium parcels and not upon the condominium property as a whole. No ad valorem tax, benefit tax, or special assessment, including those made by special districts, drainage districts, or water management districts, may be separately assessed against recreational facilities or other common elements if such facilities or common elements are owned by the condominium association or are owned jointly by the owners of the condominium parcels. Each condominium parcel shall be separately assessed for ad valorem taxes and special assessments as a single parcel. The taxes and special assessments levied against each condominium parcel shall constitute a lien only upon the condominium parcel assessed and upon no other portion of the condominium property." (e.s.)
"Common elements" are defined as "the portions of the condominium property which are not included in the units."[1] Pursuant to section 718.108(1), Florida Statutes, the phrase "[c]ommon elements" includes within its meaning:
 "(a) The condominium property which is not included within the units.
 (b) Easements through units for conduits, ducts, plumbing, wiring, and other facilities for the furnishing of utility services to units and the common elements.
 (c) An easement of support in every portion of a unit which contributes to the support of a building.
 (d) The property and installations required for the furnishing of utilities and other services to more than one unit or to the common elements."
In addition, the statutes recognize that "[t]he declaration may designate other parts of the condominium property as common elements."[2] Thus, a "common element" may be: any property of a condominium not included within an owner's unit; the necessary utility and structural easements of a condominium; or any property specifically reserved as a common element in the declaration of condominium. A review of the declaration of condominium, site plan, and other attachments, therefore, is necessary to determine the existence and status of common elements.
The plain language of section 718.120, Florida Statutes, states that common elements owned by the condominium association or owned jointly by the owners of the condominium parcels are not to be assessed separately for taxes or special assessments. Section 193.023(5), Florida Statutes, directs the property appraiser:
 "In assessing any parcel of a condominium or any parcel of any other residential development having common elements appurtenant to the parcels, if such common elements are owned by the condominium association or owned jointly by the owners of the parcels, the assessment shall apply to the parcel and its fractional or proportionate share of the appurtenant common elements." (e.s.)
The statutes do not specifically address the assessment of "limited" common elements, nor is the term defined for purposes of the tax statutes. However, nothing in Chapter 193 or Chapter 718, Florida Statutes, suggests that limited common elements should be assessed in a manner different than common elements.
Thus, it would appear that the declaration of condominium ultimately controls the designation of limited common elements and the responsibility for the maintenance of such elements.[3] It would be consistent with the requirement in section 193.023(5), Florida Statutes, to assess the individual units their proportional or fractional share of the benefit from the limited common elements. In other words, a unit having exclusive use of a parking space would be assessed the value of the parking space.
The Department of Revenue has previously addressed the assessment of limited common elements in a condominium.[4] In that case a condominium association held title to boat dock spaces and was authorized to assign them to unit owners in the condominium for consideration. Upon assignment, the dock space became a limited common element appurtenant to the unit to which it was assigned. Citing sections 193.023(5) and 718.120(1), Florida Statutes, the department concluded that the proportionate or fractional share of the value of a limited common element should be assessed to the parcel to which it is appurtenant, i.e., the just value of the boat dock should be appropriated to the individual unit to which it is assigned. This office has been advised that the position of the Department of Revenue regarding the assessment of limited common elements remains as stated in Opinion 98-0010.
In light of position of the Department of Revenue and the plain language of section 193.023(5), Florida Statutes, it is my opinion that condominium units should be assessed their proportionate or fractional share of the benefit each receives from a "limited" common element.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] Section 718.103(8), Fla. Stat.
[2] Section 718.108(2), Fla. Stat.
[3] Section 718.113(1), Florida Statutes, addresses responsibility for the maintenance of common elements as follows:
 "Maintenance of the common elements is the responsibility of the association. The declaration may provide that certain limited common elements shall be maintained by those entitled to use the limited common elements or that the association shall provide the maintenance, either as a common expense or with the cost shared only by those entitled to use the limited common elements. If the maintenance is to be by the association at the expense of only those entitled to use the limited common elements, the declaration shall describe in detail the method of apportioning such costs among those entitled to use the limited common elements, and the association may use the provisions of s. 718.116 to enforce payment of the shares of such costs by the unit owners entitled to use the limited common elements." (e.s.)
 See also s. 718.104(4), Fla. Stat., providing that the declaration of condominium must contain or provide for the "undivided share of ownership of the common elements and common surplus of the condominium that is appurtenant to each unit stated as a percentage or a fraction of the whole. In the declaration of condominiums created after April 1, 1992, the ownership share of the common elements assigned to each residential unit shall be based either upon the total square footage of each residential unit in uniform relationship to the total square footage of each other residential unit in the condominium or on an equal fractional basis."
[4] Property Tax Oversight Advisement Letters, Opinion 98-0010 to Mr. Michael S. Hagen, Staff Attorney, Lee County Property Appraiser, May 27, 1998.